# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| H&R BLOCK TAX SERVICES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-00053-CV-RK |
| | ) |
| JUAN FRIAS, | ) |
| | ) |
| Defendant. | ) |

## TEMPORARY RESTRAINING ORDER

Now before the Court is Plaintiff H&R Block Tax Services LLC's ("H&R Block's") Motion for Temporary Restraining Order and Preliminary Injunction (doc. 3), as well as H&R Block's Suggestions in Support of that Motion (doc. 4). On January 26, 2018, the Court heard oral arguments on H&R Block's Motion for Temporary Restraining Order. After review of the Motion for Temporary Restraining Order, all briefing and argument of counsel, the Verified Complaint, the record, and applicable law, the Motion for Temporary Restraining Order is hereby **GRANTED**. The Court will hold a hearing on H&R Block's Motion for Preliminary Injunction on February 9, 2018 at 3:00 p.m.

## I. JURISDICTION AND CHOICE OF LAW.

Personal jurisdiction over a non-resident defendant may be obtained by consent or by waiver. *Whelan Sec. Co. v. Allen*, 26 S.W.3d 592, 595 (Mo. Ct. App. 2000). Personal jurisdiction is an individual right, and that right may be waived in advance through a forum selection clause contained in a contract between the parties. *Id*. Under Missouri law, contractual choice-of-law provisions are enforced. *PVI, Inc. v. Ratiopharm GmbH*, 253 F.3d 320, 329 (8th Cir. 2001) (citing *Rheem Mfg. Co. v. Progressive Wholesale Supply Co.*, 28 S.W.3d 333, 339 (Mo. Ct. App. 2000)).

Paragraph 27 of the Franchise License Agreements ("FLAs") between the parties, attached as Exhibits 1 and 2 to the Verified Complaint, specify that Missouri law applies and further provide for jurisdiction and venue in this forum. Thus, Defendant has stipulated and consented to Missouri law as the choice of law and to personal jurisdiction in this Court.

## II.   H&R BLOCK SATISFIES THE NECESSARY ELEMENTS TO OBTAIN A TEMPORARY RESTRAINING ORDER.

The following four factors are properly considered when determining whether a temporary restraining order should issue: (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant; (3) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; and (4) the public interest. *Chevron U.S.A. v. 11500 Manager, LLC*, 2009 U.S. Dist. LEXIS 58330, at *6 (W.D. Mo. July 7, 2009); *see also Dataphase Sys. Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Here, every one of the relevant factors supports H&R Block's request for entry of a temporary restraining order to preserve the *status quo* and to protect H&R Block from ongoing irreparable injury attributable to the conduct of Defendant.

### A.   Substantial Likelihood of Success

H&R Block has shown a substantial likelihood of success on the merits of its breach of contract claim against Defendant. The evidence presented in H&R Block's Verified Complaint demonstrates that Defendant has violated and is actively violating the FLAs' reasonable, enforceable noncompetition and nonsolicitation covenants (collectively, the "Covenants"), by which he has agreed to be bound.

#### 1.   The FLAs and Their Covenants Are Enforceable.

Under Missouri law, "[n]on-compete agreements are typically enforceable so long as they are reasonable." *Healthcare Servs. of the Ozarks, Inc. v. Copeland*, 198 S.W.3d 604, 610 (Mo. 2006) (en banc). The Missouri Supreme Court has found that a noncompetition agreement is valid and enforceable if it: (1) "is no more restrictive than is necessary to protect the legitimate interest of the employer"; and (2) can be "narrowly tailored geographically and temporally." *Id*.; *see also Osage Glass, Inc. v. Donovan*, 693 S.W.2d 71, 74 (Mo. 1985) (en banc) ("Covenants against competition must serve a proper interest of the employer in protecting the good will of a business, and must be reasonably limited in time and space.").

Reasonable restrictions are enforceable to protect "the employer's trade secrets or customer contacts." *Healthcare Servs.*, 198 S.W.3d at 610; *see also Superior Gearbox Co. v. Edwards*, 869 S.W.2d 239, 247 (Mo. Ct. App. 1993) ("[A] covenant restricting an employee's right to compete must be reasonably necessary to protect the employer's legitimate interests and reasonable as to time and geographic scope."). The post-termination Covenants in the FLAs

protect interests that Missouri recognizes as legitimate and are protectable as a matter of law, including: H&R Block's investment in the parties' transactions; H&R Block's established brand, goodwill, and confidential business information; and H&R Block's interest in preventing Defendant from unfairly using such assets to compete with H&R Block, diverting away its clients, and obtaining an undue advantage for his competing business. *See, e.g.*, *Safety-Kleen Sys., Inc. v. Hennkens*, 301 F.3d 931, 937 (8th Cir. 2002) ("The Missouri courts have frequently held that . . . substantial and individualized customer contacts are a protectable interest warranting injunctive relief enforcing a covenant not to compete."); *Kessler-Heasley Artificial Limb Co. v. Kenney*, 90 S.W.3d 181, 186 (Mo. Ct. App. 2002) ("Stock in customers, also referred to as customer contacts, are a legitimate protectable interest."). H&R Block also has a legitimate and protectable interest in protecting its client information and client relationships from use by a competitor. *See Mid-States Paint & Chem. Co. v. Herr*, 746 S.W.2d 613, 617 (Mo. Ct. App. 1988) ("The employer has protectable interests in trade secrets and customer contacts."); *see also Naegele v. Biomedical Sys. Corp.*, 272 S.W.3d 385, 389 (Mo. Ct. App. 2008) ("In Missouri, the courts have identified two protectable interests of employers: customer contacts and trade secrets.").

In this case, the Covenants are also appropriately narrow in both time and geographic reach. First, the noncompetition and nonsolicitation provisions are limited to two years after the termination of the FLAs, subject to tolling for periods of noncompliance. Furthermore, the geographic area of the noncompetition provision is limited to Defendant's former franchise territories and an area within twenty-five miles of those territories. *See, e.g.*, *H&R Block Tax Servs. LLC v. Clayton*, No. 4:16-cv-00185, 2016 WL 1247205, at *3 (W.D. Mo. Mar. 24, 2016) (Bough, J.) (upholding 2-year, 25-mile non-competition agreement in a franchise agreement); *H&R Block Enters. LLC v. Ascher*, No. 4:15-cv-00178, 2015 WL 12746197, at *2 (W.D. Mo. Apr. 3, 2015) (Bough, J.) (upholding three- or five-year, 50-mile non-competition agreement under an asset purchase agreement); *Kessler-Heasley*, 90 S.W.3d at 188 (upholding five-year limit within a 50-mile radius); *Watlow Elec. Mfg. Co. v. Wrob*, 899 S.W.2d 585, 587–88 (Mo. Ct. App. 1995) (upholding five-year time limit); *Champion Sports Ctr., Inc. v. Peters*, 763 S.W.2d 367, 368–70 (Mo. Ct. App. 1989) (enforcing a restrictive covenant barring the seller of a business from competing with it for eight years in three counties). The Covenants are also appropriate under Missouri law because they were agreed to as part of a business transaction.

*See Orthotic & Prosthetic Lab, Inc. v. Pott*, 851 S.W.2d 633, 643 n.4 (Mo. Ct. App. 1993) (explaining that "Missouri courts have long recognized a distinction between covenants ancillary to a sale of a business and covenants merely ancillary to an employment contract, showing substantially greater liberality in enforcing the former").

The Covenants are valid under Missouri law and will be enforced against Defendant. They are reasonably tailored to protect H&R Block's legitimate interests and are reasonably tailored in time and geographic scope.

### 2. Defendant Breached the Covenants.

The noncompetition and nonsolicitation Covenants run for two years following the termination of Defendant's FLAs (tolled for any periods of Defendant's noncompliance). The FLAs were terminated on September 23, 2017, and therefore run until *at least* September 23, 2019. The evidence presented through the Verified Complaint establishes that Defendant currently owns and operates a competing tax business named "Latino Tax Services" less than twenty-five miles from his former franchise territory and office in Meriden, Connecticut. Furthermore, the evidence demonstrates that Defendant's spouse is operating a competing tax preparation office under the name "USA Tax" within Defendant's former franchise territory in New Britain, Connecticut and less than a mile from Defendant's former franchise office. And the evidence presented to the Court shows that Defendant is, at the least, actively soliciting and diverting former franchise clients to the business operated by his spouse.

Therefore, Defendant has violated and is violating the Covenants. As such, H&R Block is likely to succeed on the merits of its breach of contract claim against Defendant.

### B. Irreparable Harm

H&R Block has sufficiently shown that it may suffer irreparable harm in the event a temporary restraining order is not issued. Irreparable harm is established if monetary remedies cannot provide adequate compensation for improper conduct. *Rogers Grp., Inc. v. City of Fayetteville, Ark.*, 629 F.3d 784, 789 (8th Cir. 2010); *Minana v. Monroe*, 467 S.W.3d 901, 907 (Mo. Ct. App. 2015). Courts have also presumed irreparable injury from a breach of a covenant not to compete or solicit. *See, e.g.*, *H&R Block Tax Servs. LLC v. Haworth*, No. 4:15-cv-00211, 2015 WL 5601940, at *4 (W.D. Mo. Sept. 22, 2015) ("Irreparable harm also properly is presumed where, as here, there is evidence that a covenant not to compete is breached or confidential, proprietary information is being improperly used."); *see also Osage Glass*, 693

S.W.2d at 75; *Safety-Kleen*, 301 F.3d at 935. The loss of clients and business is also an irreparable injury. *See Associated Producers Co. v. City of Independence*, 648 F. Supp. 1255, 1258 (W.D. Mo. 1986); *see also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975); *Am. Nat'l Ins. Co. v. Coe*, 657 F. Supp. 718, 723 (E.D. Mo. 1986).

As an initial matter, here Defendant agreed in the FLAs that a breach of the Covenants would cause irreparable injury to H&R Block such that temporary and permanent injunctive relief would be appropriate. Furthermore, if the Court does not intervene immediately to enjoin Defendant's conduct, H&R Block will continue to sustain irreparable damage in the form of lost clients and goodwill. Defendant is competing against H&R Block for its clients, in close proximity to the location of Defendant's former franchise locations and other H&R Block offices. And Defendant's activities are occurring during tax season and will impact H&R Block most severely during the next three months (between now and April 17, 2018) when most income tax returns for tax year 2017 will be filed. Without a temporary restraining order, H&R Block faces a strong possibility that it will lose a substantial part of the clients of the former franchise due to Defendant's breaches and will be inhibited from re-establishing its business in the formerly franchised areas.

Based on the authority cited and the evidence presented, this factor also favors entry of a temporary restraining order.

### C. Balancing of Potential Harms

The balance of hardships likewise weighs in favor of H&R Block. The injury to H&R Block's relationships with its clients and injury to its business and assets outweighs any potential harm that the proposed relief may cause Defendant. Any harm to Defendant is self-inflicted and the restraints being placed on Defendant are no greater than those to which he already agreed. *See, e.g.*, *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 997 (8th Cir. 2011) (balance of harms weighed in plaintiff's favor because defendant's harm was "largely self-inflicted"). Having accepted significant financial and other benefits from his agreements with H&R Block, Defendant should not now be relieved of his own obligations. *See Emerson Elec. Co. v. Rogers*, 418 F.3d 841, 846 (8th Cir. 2005) ("Rogers knowingly and voluntarily agreed to be restricted by the covenant, and any perceived harm to him by the enforcement of the agreement is outweighed by the harm foreseeable to Emerson.").

### D. Public Interest

The public interest also favors H&R Block. Missouri courts have specifically found that the enforcement of restrictive covenants serves the public interest, and this Court agrees. *See Schott v. Beussink*, 950 S.W.2d 621, 625 (Mo. Ct. App. 1997) ("Missouri courts recognize that public policy approves employment contracts containing restrictive covenants because the employer has a proprietary right in its stock of customers and their good will, and if the covenant is otherwise reasonable, the court will protect the asset against appropriation by an employee."). The public interest is also furthered by preserving the enforceability of contractual relationships. *See Walters v. M & I Marshall & Ilsley Bank*, No. 09-0506, 2009 WL 2069581, at *3 (W.D. Mo. July 14, 2009).

As such, this final factor also weighs in favor of the requested relief.

**ACCORDINGLY, IT IS HEREBY ORDERED** that H&R Block's Motion for Temporary Restraining Order is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant, his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert with him,[1] are temporarily restrained from directly or indirectly doing any of the following:

1. Violating the terms of the FLAs, attached as Exhibits 1 and 2 to the Verified Complaint filed in this action;

2. For a continuous, uninterrupted period of two years from September 23, 2017, (excluding any periods of Defendant's non-compliance and time spent enforcing his obligations) from:

   a. Soliciting by mail, telephone, electronically, via the Internet, in person, or by other means, any person for whom tax return preparation or other Authorized Services (as defined by the FLAs) were rendered at any time during the term of the FLAs by Defendant or his franchise businesses;

   b. Diverting from H&R Block or H&R Block franchisees, any person for whom tax return preparation or other Authorized Services (as defined by the FLAs) were rendered at any time during the term of the FLAs by Defendant or his franchise businesses;

---

[1] To the extent Defendant's spouse falls into one of these categories, she is likewise temporarily restrained in accordance with this Order.

    c. Engaging in any business which offers any product or service the same as or similar to any Authorized Service (as defined by the FLAs), including without limitation tax preparation services, in or within 25 miles of the franchise territories set forth in the FLAs;

    3. Operating tax preparation offices at 381 West Main Street, New Britain, Connecticut 06052, at 479 Campbell Avenue, West Haven, Connecticut 06516, or at any of Defendant's former franchise locations.

  **IT IS FURTHER ORDERED** that, under the circumstances of this case, including the financial position of H&R Block and the fact that the terms of the injunction do not pose a material risk of any injury to Defendant, no security is necessary.

  **IT IS FURTHER ORDERED** that this Order shall take effect immediately and, absent further Order of this Court, shall remain in effect until February 9, 2018 at 3:00 p.m., at which time the Court will entertain arguments on H&R Block's Motion for Preliminary Injunction.

  **IT IS SO ORDERED.**

            s/ Roseann A. Ketchmark
            ROSEANN A. KETCHMARK, JUDGE
            UNITED STATES DISTRICT COURT

DATED: January 26, 2018